979 F.2d 853
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES, Plaintiff/Appellee,
v.
Miguel A. CUERVO, Defendant/Appellant.
 No. 92-1486.
 
 Seventh Circuit.
 Submitted Nov. 2, 1992.*
Decided Nov. 17, 1992.
 Before CUDAHY, POSNER and RIPPLE, Circuit Judges.
 
 ORDER
 
 1
 Miguel A. Cuervo pleaded guilty to a charge of possession with the intent to distribute cocaine under 21 U.S.C. § 841(a)(1). Cuervo appeals his sentence, claiming that in determining the sentence the district court improperly took into account his refusal to testify against a co-defendant as an aggravating factor. Because the district court applied the Guidelines correctly as a matter of law, we conclude that we have no jurisdiction to review the district court's decision.
 
 I. FACTS
 
 2
 A federal grand jury returned a one-count indictment against Miguel A. Cuervo and Victor Fernandez, charging them with possession with the intent to distribute approximately 95 kilograms of cocaine in violation of 21 U.S.C. § 841(a)(1). Cuervo initially pleaded not guilty, then changed his plea to guilty without entering into any plea agreement with the government. Co-defendant Victor Fernandez was tried, but Cuervo refused to testify against him. Fernandez's trial ended in a hung jury, and a mistrial was declared. Fernandez entered into a plea agreement before a second trial was conducted.
 
 
 3
 At Cuervo's sentencing, the sentencing guideline range was calculated as follows: his Base Offense Level under U.S.S.G. § 2D1.1 was determined to be 36; two points were then subtracted pursuant to U.S.S.G. § 3E1.1 for Acceptance of Responsibility to reach an Adjusted Offense Level of 34. Cuervo's criminal history category was I, which produced an imprisonment range of 151 to 188 months under the Guidelines. No objections were made as to the accuracy of the court's application of the Guidelines.
 
 
 4
 Before imposing sentence, the district court noted that Cuervo had had an opportunity to testify on behalf of the government at Fernandez's trial but had not.[1] The court stated that had Cuervo done so, he would have benefitted from a government motion for a downward departure from the Sentencing Guidelines range.[2] The court further explained that while Cuervo would receive no credit for testifying on behalf of the government, neither would he be penalized for choosing not to testify. The court went on to say, "The point is, you don't get any credit for that. I am not going to penalize you. But I am not going to go to the bottom of the guideline, as Mr. Lochner (defense counsel) would like me to do, because you haven't earned it."
 
 
 5
 The court then explained that its method of sentencing was to start in the middle of the applicable guideline range, and then while staying within that range to increase or decrease the sentence according to whether it found aggravating or mitigating circumstances. Having found neither, the court imposed a sentence of 168 months of imprisonment followed by five years of supervised release, and a special assessment of fifty dollars. The court also recommended that Cuervo be incarcerated near his family in Florida. Cuervo filed a timely notice of appeal.
 
 II. ANALYSIS
 
 6
 There are two ways in which Cuervo's claim may be construed: either Cuervo maintains that the district court improperly refused to depart downward from the applicable guidelines range, or that the court improperly refused to impose a lower sentence within the applicable range.
 
 
 7
 A district court's decision not to depart downward from an applicable Sentencing Guidelines range is generally not reviewable unless based on an incorrect application of the guidelines, or an erroneous conclusion of law. Where the court's decision not to depart downward from the applicable guidelines range reflects an exercise of judicial discretion, that refusal is not subject to review. 18 U.S.C. § 3742(a). See also United States v. Helton, No. 91-3909, slip op. at 7 (7th Cir. September 21, 1992); United States v. Poff, 926 F.2d 588, 590-91 (7th Cir.), cert. denied, --- U.S. ----, 112 S.Ct. 96 (1991); United States v. Franz, 886 F.2d 973, 978 (7th Cir.1989); United States v. Ortez, 902 F.2d 61, 63-64 (D.C.Cir.1990). In this case, the district court's decision not to depart downward is reviewable only if the district court committed error in construing U.S.S.G. § 5K1.2, which prohibits the court from considering a defendant's refusal to assist authorities as an "aggravating factor" in determining the appropriate sentence range.[3]
 
 
 8
 A court's decision not to depart downward from a lawful sentence because a defendant has failed to cooperate with the prosecution is simply a decision not to consider mitigating circumstances where they do not exist. It is not a punishment for the defendant's refusal to cooperate. See United States v. Klotz, 943 F.2d 707, 709-10 (7th Cir.1991) (an "aggravating sentencing factor" within the meaning of § 5K1.2 is a reason to impose a sentence above the appropriate guideline range, rather than a reason to refuse to lower an otherwise applicable sentence). As such, the decision not to depart downward from the guidelines is not based on an erroneous conclusion of law, and is not reviewable.
 
 
 9
 We are likewise precluded from reviewing a sentence within the applicable Guidelines range. United States v. Solis, 923 F.2d 548, 551-52 (7th Cir.1991); United States v. Braslawsky, 913 F.2d 466, 467 (7th Cir.1990); 18 U.S.C. § 3742(a). Furthermore, once the appropriate sentencing range has been properly determined, § 5K1.2 does not govern the district court's selection of a sentence within that range. See Klotz, 943 F.2d at 710. "So long as a sentence is lawfully imposed and the Guidelines are applied correctly a defendant has nothing left to appeal." United States v. Welch, 945 F.2d 1378, 1387 (7th Cir.1991) (quoting United States v. Lueddeke, 908 F.2d 230, 235 (7th Cir.1990)), cert. denied, --- U.S. ----, 112 S.Ct. 1235 (1992).
 
 CONCLUSION
 
 10
 For the foregoing reasons, we DISMISS Cuervo's appeal for want of jurisdiction.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). Appellant has filed a statement requesting oral argument. Upon consideration of that statement, the briefs, and the record, the request for oral argument is denied and the appeal is submitted on the briefs and record
 
 
 [1]
 The record before us does not indicate that a plea agreement between the government and Cuervo was contemplated at any time
 
 
 [2]
 Again, the record before us fails to indicate that a motion by the government for downward departure from the sentencing guidelines was ever contemplated
 
 
 [3]
 Section 5K1.2 belongs to a series of policy statements under the heading "PART K--DEPARTURES." As the Supreme Court notes in Williams v. United States, 503 U.S. ----, ----, 112 S.Ct. ----, ----, 117 L.Ed.2d 341, 353 (1992), where a policy statement prohibits a district court from taking a specified action, the policy statement is an authoritative guide as to the meaning of the applicable sentencing guideline. An error in interpreting such a policy statement may lead to an error of law within the meaning of § 3742(a), and has been so treated by this court. See, e.g., United States v. Klotz, 943 F.2d 707, 709-10 (7th Cir.1991)